UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/16
```

ERIC B. WINTER,

                Plaintiff,

-v-

TONYA PINKINS,

                Defendant.

No. 14-cv-8817 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Eric B. Winter, who was initially represented and now proceeds *pro se*, brings this diversity suit against Defendant Tonya Pinkins, who also proceeds *pro se*, alleging malicious use of process, invasion of privacy by placing a person in false light, defamation, and intentional infliction of emotional distress. (Doc. No. 1 ("Compl.").) Now before the Court are Defendant's motion to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6) and under the doctrine of judicial estoppel (Doc. No. 28), and Plaintiff's motion to strike Defendant's "Local Civil Rule 56.1 Statement" (Doc. No. 32). For the reasons stated below, Defendant's motion to dismiss is granted, and Plaintiff's motion to strike is denied as moot. Nevertheless, the Court also grants Plaintiff leave to file an amended complaint within thirty days of the date of this order.

I. BACKGROUND[1]

A. Facts

    Plaintiff and Defendant have engaged in "highly contentious" divorce proceedings pending in the state courts of California. (Doc. No. 14 at 7; Compl. ¶¶ 4–5.) With respect to the first count –

---

[1] The following facts are taken from the Complaint and its attached exhibits, filed on July 1, 2014 (Compl.), and are accepted as true for the purpose of deciding Defendant's motion to dismiss. *See Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). In ruling on the motion, the Court has also considered the findings and conclusions of the United States District Court for the District of Maryland in its order transferring the instant matter to this district (Doc. No. 14) and the arguments made in Defendant's brief in support of dismissal (Doc. No. 28), Plaintiff's opposition brief (Doc. No. 32), and Defendant's reply (Doc. No. 33).

malicious use of process – Plaintiff alleges that Defendant has been a "vexatious litigant" throughout various state-court proceedings in California and New York and has filed numerous unmeritorious motions against Plaintiff without probable cause, with malice, and with bad faith. (Compl. ¶¶ 5, 11–27.) Specifically, Plaintiff asserts that Defendant repeatedly filed applications for protective orders against Plaintiff falsely alleging, among other things, that "Plaintiff has made threats to kill" Defendant by injecting her "with succinylcholine" and that "Plaintiff engages in stalking and harassing [Defendant] and [Defendant's] children" such that she "has developed post-traumatic stress disorder and lives in fear for her life." (Id. ¶¶ 9.) These applications were denied because Defendant offered insufficient evidence. (Id. ¶ 10.) With respect to the other three counts – invasion of privacy by placing a person in false light, defamation, and intentional infliction of emotional distress – Plaintiff alleges that Defendant consistently posted false statements about Plaintiff on various web platforms, including her blog "tonyatology," located at www.tonyatology.blogspot.com. (Id. ¶¶ 8, 28–49.) Among other things, Plaintiff alleges that Defendant publicly asserted that Plaintiff is a "racist," "engaged in acts of domestic violence upon [Defendant] and also upon [Plaintiff's] ex-wife," "made threats against [Defendant's] life," "is a danger to [Defendant's] life and that of her children," "installed spyware devices on [Defendant's] electronic devices, including her telephones, computer, and ipads," "was physically abusive to his son," "stalks and harasses both [Defendant] and her children," "is impotent," and "is an alcoholic and a drug addict." (Id. ¶ 8.)

B. Procedural History

On July 1, 2014, Plaintiff, who was then represented by counsel, filed the Complaint in the United States District Court for the District of Maryland. (Compl.) On August 14, 2014, Defendant moved to dismiss for lack of personal jurisdiction. (Doc. No. 8.) On October 29, 2014, the United States District Court for the District of Maryland determined that it lacked personal jurisdiction over Defendant but, rather than dismiss the Complaint, transferred the action to this District "[i]n the

interest of justice" pursuant to 28 U.S.C. § 1406(a), since Defendant "claims that she has resided in New York since Fall 2011," "her court filings list [an] address in Manhattan," and Defendant "concedes that any New York federal court is legally entitled to exercise jurisdiction over this matter." (Doc. 14 at 7 (citations and quotation marks omitted).)

On November 20, 2014, the Court issued an Order referring this action to Magistrate Judge Francis for general pretrial supervision. (Doc. No. 22.) On March 20, 2015, before any conferences were held or any case management plan and scheduling order was entered, and without filing a pre-motion letter, as required by the Court's Individual Rules and Practices § 2A, Defendant filed the instant motion to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6) and the doctrine of judicial estoppel. (Doc. No. 28.) On the same date, in support of her motion to dismiss, Defendant also docketed a five-sentence "Statement Pursuant to Rule 56.1." (Doc. No. 27.) On April 28, 2015, Plaintiff opposed Defendant's motion to dismiss and moved to strike Defendant's Local Civil Rule 56.1 Statement. (Doc. No. 32.) On May 13, 2015, the motions were fully briefed. (Doc. No. 33.)

II. DEFENDANT'S MOTION TO DISMISS UNDER RULES 12(B)(2), (4), AND (5) AND UNDER THE EQUITABLE DOCTRINE OF JUDICIAL ESTOPPEL

Defendant first asserts that the Complaint should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and pursuant to Rules 12(b)(4) and (5) for insufficient process and insufficient service of process. (Doc. No. 28 at 7–8; Doc. No. 28-1 at 3.) With respect to Rule 12(b)(2), Defendant – who resides in the Bronx – appropriately concedes that this Court, the transferee court, has personal jurisdiction over her. (*See* Doc. No. 13 at 10.) Nevertheless, Defendant argues that since the United States District Court for the District of Maryland lacked personal jurisdiction over Defendant, that court also lacked the authority to transfer the action to this District. (Doc. No. 28-1 at 3.) The Court rejects this argument, as it is well established that only the *transferee* court – and not the *transferor* court – is required to have personal jurisdiction over the

3

defendant in order to justify a transfer pursuant to 28 U.S.C. § 1406(a). *See, e.g., Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001) (explaining that a court "has this power to transfer venue even if it lacks personal jurisdiction over the defendants"); *Volk Corp. v. Art-Pak Clip Art Serv.*, 432 F. Supp. 1179, 1181 (S.D.N.Y. 1977) (Weinfeld, J.) (same). Accordingly, the Court denies Defendant's motion to dismiss pursuant to Rule 12(b)(2).

With respect to her motions pursuant to 12(b)(4) and (5), Defendant asserts that she "has not been served with the appropriate documents to gain jurisdiction over her person under New [Y]ork State law." (Doc. No. 28-1 at 3.) "An objection under Rule 12(b)(4) concerns the form of the process" and is only appropriate in "fairly rare" circumstances "to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Tolliver v. Lilley*, No. 12-cv-971 (DAB) (KNF), 2014 WL 6455752, at *3–4 (S.D.N.Y. Oct. 24, 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353, (3d ed. 2004)). By contrast, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Id.*

Defendant's motions under Rules 12(b)(4) and 12(b)(5) are meritless. Because Defendant fails to identify any defect in the content of the summons under Rule 4(b) or any other applicable provision (Doc. Nos. 6, 7), a 12(b)(4) motion is clearly inappropriate. *See Jackson v. City of New York*, No. 14-cv-5755 (GBD) (KNF), 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015). Furthermore, Defendant asserts no basis for challenging the mode of delivery of the summons or for claiming lack of delivery. As set forth in Federal Rule of Civil Procedure 4(e)(2)(A), service is properly carried out by "delivering a copy of the summons and of the complaint to the individual personally." In this case, Defendant was personally served on July 26, 2014 at 6:45 a.m. with the summons and complaint at the address listed for Defendant on ECF and in Defendant's court filings,

4

as attested by an independent process server. (Doc. No. 7; *see also* Doc. Nos. 28 & 33).) "Where an independent process server files an affidavit affirming that the requirements of Rule 4(e) have been complied with, '[t]he mere denial of receipt of service . . . is insufficient to overcome the presumption of validity' of that affidavit.'" *J&J Sports Prods., Inc. v. Arnoat*, No. 06-cv-2103 (WHP), 2007 WL 2042981, at *1 (S.D.N.Y. July 12, 2007) (quoting *Nolan v. City of Yonkers*, 168 F.R.D. 140, 144 (S.D.N.Y. 1996)). Accordingly, the Court denies Defendant's motion to dismiss pursuant to Rules 12(b)(4) and (5).

Defendant next asserts that Plaintiff's claims are barred by the equitable doctrine of judicial estoppel, arguing that Plaintiff's allegations in this matter are inconsistent with positions Plaintiff has advanced in various actions adjudicated in California state court. (*See* Doc. Nos. 28 at 8–10, 28-1 at 3, 32 at 6–7.) The doctrine of judicial estoppel "prevents a party in a legal proceeding from taking a position contrary to a position the party has taken in an earlier proceeding." *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 71 (2d Cir. 1997). However, "[a] party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) (citations and footnote omitted).

Here, Defendant does not come close to making the necessary showing. Defendant argues that judicial estoppel should apply because she brought "identical claims" against Plaintiff in California state court. (Doc. Nos. 28 at 8, 33 at 7–8.) Indeed, in a suit brought in the Superior Court of California, County of Riverside, Defendant accused Plaintiff, among other things, of invasion of privacy and intentional infliction of emotional distress, two causes of action that Plaintiff brings against Defendant in this suit. (Doc. Nos. 28-2 at 3, 33-5 at 2.) But there is nothing inconsistent about Plaintiff's defending himself in California state court against accusations that *he* committed

5

those torts and, at the same time, alleging before this Court that *Defendant* committed the independent torts of invasion of privacy and intentional infliction of emotional distress against Plaintiff. Accordingly, Defendant's motion to bar Plaintiff's claims on judicial estoppel grounds is also denied.[2]

### III. DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Defendant next argues that Plaintiff's claims for malicious use of process, invasion of privacy, defamation, and intentional infliction of emotional distress should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Court agrees.

#### A. Legal Standard

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). To meet this standard, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of

---

[2] Defendant indicates that her claims were scheduled to be heard in California state court on May 15, 2015. (Doc. No. 33 at 8.) Although the parties have not updated the Court on the outcome of the state-court litigation, its disposition would not impact the Court's analysis of Defendant's judicial-estoppel arguments.

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.* at 570.

The Court notes that Plaintiff filed his Complaint while represented by an attorney (Compl.), but by the time he filed his opposition brief, he was proceeding *pro se* (Doc. No. 32). Accordingly, the Court will liberally construe his *pro se* opposition brief and "'interpret [it] to raise the strongest arguments that [it] suggests.'" *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). On the other hand, the Court has no obligation to liberally construe Plaintiff's complaint, since it was filed with the assistance of counsel. *Cf. Neely v. RMS Residential Mortg. Sol., L.L.C.*, No. 12-cv-1523 (JS) (AKT), 2013 WL 752636, at *12 (E.D.N.Y. Feb. 26, 2013) ("Although the Court liberally construed Plaintiff's *pro se* Original Complaint, since Plaintiff is now represented by counsel, the Court has no obligation to construe the Proposed Amended Complaint liberally." (internal quotation marks and brackets omitted)).

### B. Choice of Law

Plaintiff brings four causes of action sounding in tort but does not allege which state's law applies. Before addressing the merits of Plaintiff's claims, the Court must first determine the applicable state law. Although the parties did not address this issue, both appear to assume that the law of Maryland – the state where Plaintiff is domiciled – applies to all four counts. The Court agrees that Maryland law applies.

A federal court sitting in diversity applies the choice-of-law principles of the state in which it sits. *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 871 (2d Cir. 1994). Where, as here, a claim sounds in tort, New York courts apply the "interest[-]analysis" test, whereby "the law of the jurisdiction having the greatest interest in the litigation will be applied." *GlobalNet Financial.Com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 384 (2d Cir. 2006). (citation and internal quotation

marks omitted). For the interest-analysis test, "torts are divided into two types, those involving appropriate standards of conduct . . . and those that relate to allocating losses that result from admittedly tortious conduct." *Id.* (citations and internal quotation marks omitted).

Here, all four causes of action alleged in the Complaint are conduct-regulating torts. *See Microsoft Corp. v. K&E Comput. Inc.*, No. 00-cv-7550 (RLC), 2001 WL 332962, at *2 n.2 (S.D.N.Y. Apr. 4, 2001) (finding that a malicious use of process/malicious prosecution counterclaim is a conduct-regulating tort); *see also Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999) (finding that defamation is a conduct-regulating tort); *Catalanello v. Kramer*, 18 F. Supp. 3d 504, 511–13, 518–19 (S.D.N.Y. 2014) (treating a false-light invasion of privacy claim as a conduct-regulating tort); *Darboe v. Staples, Inc.*, 243 F. Supp. 2d 5, 19 (S.D.N.Y. 2003) (concluding that "[t]he rule against intentional infliction of emotional distress is conduct-regulating"). With respect to such conduct-regulating torts, "the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." *In re Thelen LLP*, 736 F.3d 213, 220 (2d Cir. 2013) (citation and quotation marks omitted). Where, as here, "the plaintiff and defendant are domiciled in different states, the applicable law in an action where civil remedies are sought for tortious conduct is that of *the situs of the injury.*" *Sondik v. Kimmel*, 16 N.Y.S.3d 296, 298 (2d Dep't 2015) (explaining that "[a]lthough *the alleged tortious conduct* . . . occurred in California, the plaintiff's *alleged injury* occurred in New York, where he is domiciled and resides." (emphases added)); *see also Locke v. Aston*, 814 N.Y.S.2d 38, 42 (1st Dep't 2006) ("[A]ssuming a conflict between New York and California law as to [plaintiff's] taping of her conversation with [Defendant], the law of New York, where the alleged injury or damage was sustained, would apply." (citation omitted)). Moreover, in multistate defamation cases, such as this one, there is a "presumptive rule that the law of plaintiff's domicile applies." *Catalanello*, 18 F. Supp. 3d at 512 (citations and internal quotation marks omitted).

8

Thus, the Court agrees with the parties and concludes that Maryland, where Plaintiff is domiciled and sustained the alleged injury or damage, has a greater interest in regulating the conduct at issue than New York or California. Accordingly, the Court will apply Maryland law to all four counts.

### C. Malicious Use of Process

To state a claim for malicious use of process, a plaintiff must allege that: (1) Defendant brought "a prior civil proceeding"; (2) the prior civil proceeding was "instituted without probable cause"; (3) Defendant brought the proceeding "with malice"; (4) the prior proceeding was terminated in the plaintiff's favor; and (5) "damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or other special injury which would not necessarily result in all suits prosecuted to recover for a like cause of action." *One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952, 956 (Md. 1997) (citations and internal quotation marks omitted). As the Maryland Court of Appeals has explained, "[s]uits for malicious prosecution are viewed with disfavor in law and are to be carefully guarded against" because "[p]ublic policy requires that citizens be free to resort to the courts to resolve grievances without fear" of a retaliatory malicious use of process suit. *Id.* at 955–56. Consistent with this policy of limiting suits for malicious use of process, Maryland courts interpret the fifth, "special damages" requirement very restrictively. Specifically, Maryland adheres to the "'English' rule that no action will lie for the malicious prosecution of a civil suit when there has been . . . no special injury sustained which would not ordinarily result in all suits prosecuted for like causes of action." *Id.* at 959 (quoting *N. Point Const. Co. v. Sagner*, 44 A.2d 441, 444 (Md. 1944)). As the Maryland Court of Appeals has underscored, "[t]he mere expense and annoyance of defending a civil action is not a sufficient special damage or injury to sustain an action for malicious prosecution." *Sagner*, 44 A.2d at 445.

9

Having carefully reviewed the allegations in the Complaint, the Court finds that Plaintiff has failed to satisfy the fifth element of special injury. Plaintiff's sole allegations of special injury consist of the statement that "the Plaintiff suffered special damages including, but not limited to, interference with his business interests, a loss of his employment, and extraordinary costs incurred to defend himself against out of state claims." (Compl. ¶ 27.) Nothing in this vague, largely conclusory allegation constitutes an "arrest," "imprisonment," "property seizure," or "special injury" for purposes of a malicious use of process claim. The costs that Plaintiff incurred to defend himself plainly are not a "special" injury, and, without more information, Plaintiff's unsupported and threadbare assertions of "interference with . . . business interests" and "a loss of . . . employment" (*id.*) do not rise to the level of a "special injury," *see One Thousand Fleet Ltd. P'ship*, 694 A.2d at 959 (explaining that regardless of whether the legal challenge was "rightfully or wrongfully instituted," the legal challenges inherently "would likely have impeded financing, caused delays, and decreased rental revenue under any circumstances"); *see also Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, No. 13-cv-1798 (CCB), 2014 WL 3510212, at *2 (D. Md. July 11, 2014) (explaining that "vague, unsupported assertions" that the plaintiff "lost business . . . simply do not nudge [the plaintiff's claims for special injuries resulting from malicious use of process] across the line from conceivable to plausible"). Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's malicious use of process claim.

D. Invasion of Privacy and Defamation

As for Plaintiff's second and third claims, Plaintiff alleges false light invasion of privacy and defamation based on false accusations made in court proceedings (Compl. ¶¶ 28, 37) and "derogatory" statements Defendant posted about Plaintiff on her blog and other web platforms (*id.*

10

¶¶ 31, 39).³ With respect to the statements made in judicial proceedings, Maryland courts apply an "absolute privilege" from liability for these two torts for statements made by witnesses and parties "uttered in the course of a trial or contained in pleadings, affidavits or other documents directly related to the case." *Keys v. Chrysler Credit Corp.*, 494 A.2d 200, 203 (Md. 1985); *see also Holt v. Camus*, 128 F. Supp. 2d 812, 816 (D. Md. 1999). Maryland follows the minority "English" rule and affords this absolute privilege to witnesses and parties regardless of the statement's relevance to the proceeding. *Norman v. Borison*, 17 A.3d 697, 708 (Md. 2011). Thus, to the extent Plaintiff's claims are based on statements made within the course of judicial proceedings, they must be dismissed.

Plaintiff's other allegations of invasion of privacy and defamation fail for an independent reason – namely, Plaintiff's failure to plead facts sufficient to make out a plausible claim. To state plausible false-light and defamation claims under Maryland Law in federal court, a complaint "must [] be sufficiently detailed to enable a defendant to appropriately respond." *Estate of Jones v. St. Thomas More Nursing & Rehab Ctr.*, No. 09-cv-1419 (PJM), 2009 WL 3247929, at *3 (D. Md. Oct. 1, 2009). Thus, to withstand a 12(b)(6) motion, a plaintiff must allege, at a minimum:

> (1) the identity of the maker of the defamatory statement; (2) the exact content of the defamatory statement; (3) the date on which the defamatory statement was made; (4) the persons to whom the defamatory statement was communicated; (5) the date on which [the defendants were] advised by [p]laintiff[] of the falsity of the defamatory statement . . . ; and (6) an averment of damages made with sufficient particularity to demonstrate a good faith basis for a claim for defamation that exceeds $75,000.

*Velencia v. Drezhlo*, No. 12-cv-00237 (RDB), 2012 WL 6562764, at *8 (D. Md. Dec. 13, 2012) (quoting *S. Volkswagen, Inc. v. Centrix Fin., LLC*, 357 F. Supp. 2d 837, 844–45 (D. Md. 2005)).

As currently pleaded, Plaintiff's allegations fail to meet this standard. For example, although Plaintiff recites a litany of "derogatory statements" posted by Defendant on the internet (Compl. ¶¶

---

³ Under Maryland Law, "[a]n allegation of false light must meet the same legal standards as an allegation of defamation." *Piscatelli v. Smith*, 35 A.3d 1140, 1146–47 (Md. 2012). Accordingly, the two causes of action are analyzed here in tandem.

8, 31, 39), Plaintiff does not specify in his pleadings when such statements were made. Similarly, Plaintiff's allegation that "Defendant has posted on the internet at various sites, including, but not limited to [Plaintiff's] blog known as 'tonyatology'" (Compl. ¶¶ 30, 38), also does not sufficiently specify where each allegedly defamatory comment was posted or indicate the persons to whom each allegedly defamatory statement was communicated.[4] Thus, because Plaintiff fails to plead sufficient facts to state a plausible claim for defamation and invasion of privacy under Maryland Law, those causes of action must also be dismissed.

### E. Intentional Infliction of Emotional Distress

Plaintiff likewise fails to state a claim with respect to the fourth and final cause of action, alleging intentional infliction of emotional distress. Under Maryland law, a plaintiff asserting a claim for intentional infliction of emotional distress must demonstrate the following elements: "(1) [t]he conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; and (4) [t]he emotional distress must be severe." *Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 113 (Md. 2000) (citation and quotation marks omitted).

As the Maryland Court of Appeals has emphasized, intentional infliction of emotional distress "is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct." *Kentucky Fried Chicken Nat'l Mgmt. v. Weathersby*, 607 A.2d 8, 11 (Md. 1992); *see also id.* ("The requirements of the [tort] are rigorous, and difficult to satisfy." (citation and quotation marks omitted)). Consistent with the Maryland Court of Appeals's conclusion that claims for

---

[4] In his opposition brief and accompanying exhibits, Plaintiff attempts to augment his Complaint by (1) detailing Defendant's statements that were "deliberately designed . . . to embarrass" and "harass" him and (2) specifying the precise dates on which the statements were made. (Doc. No. 32 at 4–8.) Plaintiff also provides copies of the allegedly defamatory statements themselves in his exhibits, and details the viewership statistics of Defendant's personal blog and social media accounts. (Doc. Nos. 32-1, 32-2, 32-3, 32-4, 32-5.) It is, however, "axiomatic" that Plaintiff may not amend his complaint through the brief opposing Defendant's motion to dismiss. *Kiryas Joel All. v. Vill. of Kiryas Joel*, No. 11-cv-3982 (JSR), 2011 WL 5995075, at *5 (S.D.N.Y. Nov. 29, 2011), *aff'd*, 495 F. App'x 183 (2d Cir. 2012). Accordingly, Plaintiff's attempts to buttress his pleading through his opposition brief and its exhibits will not be considered in this motion.

intentional infliction of emotional distress are "rarely viable," federal courts applying Maryland law hold plaintiffs bringing such claims to "a very high pleading standard," *Brown v. Baltimore Police Dep't*, No. 11-cv-00136, 2011 WL 6415366, at *14 (D. Md. Dec. 21, 2011), and require that the elements of a claim for intentional infliction of emotional distress be pleaded "with particularity," *Johnson v. MV Transp. Inc.*, 716 F. Supp. 2d 410, 414 (D. Md. 2010); *accord Waldrop v. Sci. Applications Int'l Corp.*, No. 10-cv-0328 (RDB), 2010 WL 2773571, at *5 (D. Md. July 13, 2010).

Here, Plaintiff has failed to sufficiently plead that his emotional distress was "severe," as required by the tort's fourth element. To satisfy this element, Plaintiff must have "suffer[ed] an emotional response that no reasonable person could be expected to endure . . . . One must be unable to function, one must be unable to tend to necessary matters." *Ragland v. A.W. Indus., Inc.*, No. 08-cv-1817 (DKC), 2009 WL 2507426, at *13 (D. Md. Aug. 13, 2009) (citations and quotation marks omitted). Moreover, to plead the fourth element with the requisite particularity, a plaintiff must "plead specific facts regarding the nature, intensity, and duration of the alleged emotional trauma." *Waldrop*, 2010 WL 2773571, at *5 (dismissing plaintiff's claim where she "failed to plead with particularity what emotional distress she suffered, how long it lasted, how severe it was, or whether she sought medical treatment").

In this case, Plaintiff merely asserts conclusory allegations that he suffered *severe* emotional distress. Specifically, he alleges that he has "suffered, and will continue to suffer, severe and extreme emotional distress." (Compl. ¶ 49; *see also id.* ¶ 44 ("[T]he character and reputation of the Plaintiff were harmed, his standing in the community was impaired, and he suffered mental anguish and personal humiliation.")). Such conclusory allegations do not suffice to withstand a Rule 12(b)(6) motion, as Plaintiff offers no facts indicating what emotional distress he suffered, how long it lasted, how severe it was, and whether he sought medical treatment for the distress. *See Waldrop*, 2010 WL 2773571, at *5; *see also Ragland*, 2009 WL 2507426, at *13 (dismissing a plaintiff's

claim for intentional infliction of emotional distress where plaintiff "provide[d] no information about the extent of his distress"). Thus, the Court grants Defendant's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress.

## IV. SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE

Defendant has not formally moved for summary judgment. However, in support of her motion to dismiss, Defendant repeatedly asserts a series of boilerplate arguments that "summary judgment" must be granted in her favor. (*See, e.g.*, Doc. No. 33 at 7–10; Doc. No. 33-1 at 1–8.) Because Defendant did not have leave to file a summary-judgment motion, and because the Court has granted Defendant's motion to dismiss Plaintiff's complaint, Defendant's summary-judgment motion is denied as moot. Because the Court denies Defendant's motion for summary judgment, the Court also denies Plaintiff's motion to strike Defendant's Local Civil Rule 56.1 statement as moot.

## V. LEAVE TO AMEND

Having dismissed Plaintiff's Complaint, the Court nevertheless grants Plaintiff leave to amend his complaint. Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend be "freely" granted "when justice so requires." Although district courts have discretion to deny leave for a "good reason," such as "futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), the Court finds no good reason to deny leave to amend in this case. In fact, Plaintiff's allegations for false light invasion of privacy and defamation, if augmented by Plaintiff's allegations regarding the location, timing, content, and viewership of Defendant's statements that were improperly made in his opposition brief, might amount to plausible claims. (Doc. No. 32.); *see also Owens v. Morgan Stanley & Co.*, No. 96-cv-9747 (DLC), 1997 WL 403454, at *3 (S.D.N.Y. July 17, 1997) (granting leave to amend to cure complaint's "deficiencies" where it appeared from plaintiffs' opposition submission that they "have additional facts to allege"). Although it is less clear that Plaintiff will be

able to state plausible claims for malicious use of process and intentional infliction of emotional distress, the Court nevertheless grants Plaintiff leave to amend these claims as well.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED, and Plaintiff's motion to strike is DENIED AS MOOT. It is FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. The Clerk of the Court is respectfully directed to terminate the motions pending at docket entries 28 and 32. The Clerk of the Court is also respectfully directed to mail copies of this order to Eric Winter and Tonya Pinkins at the addresses provided to the *Pro Se* Office and listed on the docket sheet.

It is FURTHER ORDERED that Plaintiff must submit the amended complaint to this Court's *Pro Se* Intake Unit within thirty days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 14-cv-8817 (RJS). If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be rejected as untimely, and this case will be closed.

SO ORDERED.

Dated: March 8, 2016
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE